UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION
09 FEB -4 PM 1:06
SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | |
|---|---|
| BMD CONTRACTORS, INC., an Indiana Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> FIDELITY AND DEPOSIT COMPANY OF MARYLAND, a Maryland Corporation, WALBRIDGE ALDINGER COMPANY, a Michigan Corporation, and INDUSTRIAL POWER SYSTEMS, INC., an Ohio Corporation, <br><br> Defendants. | CAUSE NO.: <br><br> **1:09-cv-0121 WTL -DML** |

## COMPLAINT

The Plaintiff, BMD Contractors, Inc. ("BMD"), by counsel for its cause of action against the Defendants, Fidelity and Deposit Company of Maryland ("Fidelity"), Walbridge Aldinger Company ("Walbridge"), and Industrial Power Systems, Inc. ("IPS") and alleges and states:

### PARTIES

1. Fidelity is a Maryland corporation with a principal place of business located at 3910 Keswick Road, Baltimore, MD 21211. At all times relevant hereto, Fidelity was the surety of Walbridge.

2. Walbridge is a Michigan corporation with a principal place of business located at 613 Abbott Street, Detroit, MI 48226. At all times relevant hereto, Walbridge was a prime contractor and "Obligee" under a bond described hereinbelow.

3. IPS is an Ohio corporation with a principal place of business located at 410 Ryder Road, Toledo, OH 43607. At all times relevant hereto, IPS was a contractor to Walbridge, and "Principal" under a bond described hereinbelow.

4. BMD is an Indiana corporation with a principal place of business located at 817 Millbrook Lane, Kokomo, IN 46901. At all times relevant hereto, BMD was a subcontractor to IPS.

1

## JURISDICTION

5.  BMD brings this action pursuant to 28 U.S.C. § 1332(a) based on diversity of citizenship.

6.  The matter in controversy, exclusive of interest and costs, exceeds the sum of $75,000.

7.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

## VENUE

8.  Pursuant to 28 U.S.C. § 1391, venue is properly in the Southern District of Indiana.

9.  Under 28 U.S.C. § 1391(c) the Defendant corporations are deemed to reside in any jurisdiction at the time the action is commenced.

10. This Court has personal jurisdiction over the non-resident defendants to the extent authorized under the law of the forum state in which the District Court sits pursuant to Rule 4(k) of the Fed. R. Civ. Pro.

11. Indiana Trial Rule 4.4 provides that any organization that is a non-resident of Indiana submits to the jurisdiction of the courts of Indiana if it, among others, does business in the state, contracts to supply services, goods or materials in the state or contract to insure or act as surety for or on behalf of any person, property, or risk located within Indiana.

12. Fidelity does business in Indiana and contracted to insure or act as surety for or on behalf of an Indiana project.

13. Walbridge does business in Indiana and contracted to supply services, goods and materials in Indiana.

14. IPS does business in Indiana and contracted to supply services, goods and materials in Indiana.

## FACTUAL ALLEGATIONS

15. On or about September 10, 2007, Walbridge, as prime contractor, entered into a written contract with IPS as contractor for work to be performed on the Getrag Transmission Plant Building (the "Project") in Tipton, Indiana.

2

16. On or about October 26, 2007, IPS entered into a subcontract agreement with BMD to perform mechanical contracting and related supply services on the Project for a total sum of $4,489,000.00, pursuant to a written agreement bearing subcontract number 20579-7910-00. A true and accurate copy of the subcontract is attached as Exhibit "A".

17. On or about November 8, 2007, IPS as principal and Fidelity as surety executed a Subcontract Performance Bond ("Bond") and bound themselves jointly and severally to assure the payment by IPS of all subcontractors and material suppliers on the Project. A true and accurate copy of the Bond is attached as Exhibit "B".

18. BMD furnished said mechanical contracting and related supply services on the Project.

19. IPS owes BMD the sum of $1,530,173.87 (the "Amount Due") under subcontract number 20579-7910-00.

20. All the conditions of subcontract number 20579-7910-00 have been satisfied in order for BMD to be entitled to the Amount Due from IPS.

21. BMD performed its work and submitted interim invoices and appropriate pay requests to IPS in the ordinary course of business and received no response or other inquiry from IPS as to the amount of those invoices or IPS' liability to pay them.

22. Despite demand for payment, IPS has failed, refused, neglected to pay BMD for the Amount Due.

23. BMD is a claimant as defined by the Bond because it has a direct contract with the IPS, the principal for labor and material used in the performance of the contract.

24. On or about December 12, 2008, BMD made demand for payment upon Fidelity for the Amount Due. A true and accurate copy of the letter is attached hereto as Exhibit "C".

25. All the conditions of the Bond have been satisfied in order for BMD to be entitled to the Amount Due from Fidelity.

26. Pursuant to the terms of the Bond, Fidelity, as surety, bound itself to assure payment of all amounts due subcontractors and material suppliers to IPS on the Project, including BMD, for materials and labor furnished on the Project.

27.  Despite demand for payment, Fidelity has failed, refused, and neglected to pay the Amount Due to BMD in violation of the terms of the Bond.

28.  The Amount Due is an account stated for the reason that it is a sum that is fixed, certain and readily ascertainable, and pre-judgment interest on the Amount Due is necessary to fully compensate BMD for the loss of use of the Amount Due.  IPS is liable to BMD for the Amount Due.

29.  Walbridge is named a s defendant herein to answer to its interest, if any, in the Amount Due or the Bond.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, BMD, requests that judgment be entered against IPS and Fidelity, jointly and severally, in the sum of $1,530,173.87, together with pre-judgment interest at the statutory rate and for any such further relief to which it may be entitled.

Respectfully Submitted,

_____
KC Cohen.
(Indiana Bar No. 4310-49)

KC Cohen, Esq.
151 N Delaware Street, Suite 1104
Indianapolis, IN 46204
Telephone: (317) 715-1845
Facsimile: (317) 916-0406
E-Mail: kc@esoft-legal.com

Dated: February 4, 2009