UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BMD CONTRACTORS, INC., | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:09-cv-121-WTL-DML |
| | ) | |
| FIDELITY AND DEPOSIT COMPANY OF | ) | |
| MARYLAND, *et al.*, | ) | |
|     Defendants, | ) | |
| ------------------------------------------------------------ | ) | |
| FERGUSON ENTERPRISES, INC., | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:09-cv-513-LJM-JMS |
| | ) | |
| FIDELITY AND DEPOSIT COMPANY OF | ) | |
| MARYLAND, | ) | |
|     Defendant. | ) | |

**ORDER**

The Court has before it several motions filed in *BMD Contractors, Inc. v. Fidelity & Deposit Co. of Maryland*, No. 1:09-cv-121-WTL-DML ("*BMD* case"), as follows: a Motion to Transfer Venue (Docket No. 17) filed by Defendant Walbridge Aldinger Company ("Walbridge"); a Motion to Stay (Docket No. 26) filed by Defendant Industrial Power Systems, Inc. ("IPS"); and a Motion to Consolidate (Docket No. 43) filed by IPS in which to seeks to have the *BMD* case consolidated with *Ferguson Enterprises, Inc. v. Fidelity & Deposit Co. of Maryland*, No. 1:09-cv-513-LJM-JMS ("*Ferguson* case"). IPS has joined in Walbridge's motion to transfer, and Fidelity & Deposit Co. of Maryland ("FDC") has joined in IPS's motion to stay and motion to consolidate. The Court addresses each motion in turn.

## I.  MOTION TO TRANSFER

Walbridge and IPS seek to have the *BMD* case transferred to the United States Bankruptcy Court for the Eastern District of Michigan.  They note that the Court has already transferred a related case, *A.B. Young Companies v. Industrial Power System, Inc.*, No. 1:08-cv-1662-DFH-JMS, to that court, and they argue that the claims in the *BMD* case are already included in the issues before the bankruptcy court.  They also noted that the bankruptcy court has issue a Line Procedures Order that outlines procedures for addressing claims that BMD Contractors, Inc. ("BMD") and other contractors or subcontractors might have.  BMD acknowledges that its claims are encompassed by the bankruptcy court's order, but it nonetheless opposes the motion for two reasons:  (1) the bankruptcy court' Lien Procedures Order expressly excepted claims against sureties, and (2) there is a possibility that the Court will resume jurisdiction of this action in the near future.  Therefore, BMD contends that its claims against FDC, which issued a surety bond in this case with IPS as the principal, should go forward.

Setting aside for the moment the concern with FDC, the Court finds that, in the interest of justice, the claims against Walbridge and IPS should be transferred.  The claims that are covered by Lien Procedures Order are the same as those at issue in the *BMD* case.  Transferring the claims promotes judicial economy for adjudicating the parties' dispute, which can have an immediate impact on the bankruptcy case, by avoiding a duplication of effort and the risk of inconsistent rulings.  Further, the Court concludes that the possibility of this action returning to this Court is too remote a possibility to prevent transfer.

Although the Court concludes that the claims against Walbridge and IPS should be transferred, the Court does have some concern with transferring the claims against FDC.  The

purpose of a surety bond is to provide a means for paying contractors and/or subcontractors. Thus, if a principal like IPS fails to make payments, contractors and/or subcontractors like BMD have a right to seek recovery from the surety, which is substituted for the principal. Moreover, the bond in this case holds IPS and FDC jointly and severally liable. Based on these circumstances, the Court does not believe that the parties have presented the Court with a compelling reason for preventing the claims against FDC to go forward.

Of course, the Court is aware of cases like *Calpine Corp. v. Nevada Power Co.*, 354 B.R. 45 (Bankr. S.D.N.Y. 2006), which suggest that judgments against a "non-debtor third-party defendant" like a surety can have an effect on winding up a debtor's estate. However, any claim that FDC would have against IPS is contingent at this point because a surety's cause of action against a principal does not even become ripe unless and until the surety is required to pay on a bond. Before doing so, the surety is entitled to assert the same defenses against payment that the principal would have. The bankruptcy court apparently was not concerned with the potential, future impact of those claims on the debtor in the case before it because it exempted such claims from its order. Consequently, the Court sees no reason to transfer those claims and impede the reasons for having surety bonds in the first place.

In light of the foregoing, the Court will exercises it authority under Federal Rule of Civil Procedure 21 to sever the claims in this matter so that the claims against FDC will be retained by this Court and the remaining claims against Walbridge and IPS transferred to the bankruptcy court. Therefore, the Court **GRANTS in part and DENIES in part** the motion to transfer. In order to effectuate the efficient transfer of the claims against Walbridge and IPS, the Clerk is **DIRECTED** to open a new cause using the Complaint from the *BMD* case (Docket No. 1) and directly assign the

new cause to the undersigned judge. Once the Clerk has completed these tasks, the Court will issue a separate order in the new cause to dismiss without prejudice the claims against FDC in the new cause and then order the transfer of the new cause to the bankruptcy court.

## II.  MOTION TO STAY

Pursuant to the bankruptcy court's order, the claims against Walbridge and IPS are effectively stayed until the earlier of either the sale of certain real property or the end of this year. IPS and FDC request that the Court stay the claims against FDC as well.

Although cases like *Calpine* lend support for staying the claims against FDC, the Court notes again that the bankruptcy court excluded claims against sureties from its order. Moreover, the Court finds it highly unlikely that -- absent settlement -- the claims against FDC will be resolved in the next three months. The Court concludes that any potential harm that IPS might suffer in those few months by virtue of its contingent liability on the surety bond does not outweigh the interests in permitting the claims against FDC to go forward. Therefore, the request to stay is **DENIED**.

## III.  MOTION TO CONSOLIDATE

IPS and FDC have also moved to consolidate the *BMD* case and the *Ferguson* case. As they note, both cases involve claims under the same surety bond for work done on the same construction project. In fact, BMD subcontracted some of its responsibilities to Ferguson Enterprises, Inc. ("Ferguson"). In addition, it appears that BMD might have assigned to Ferguson part of its rights to seek payment from the surety bond, which potentially reduces the amount that BMD would be entitled to recover under the bond. Thus, the Court concludes that the two cases are inextricably

linked by common questions of law and fact. Moreover, judicial economy and the conservation of resources would be served by consolidating the two causes.

Ferguson nonetheless opposes the motion contending that it will be prejudiced by undue delay in the resolution of its claims. However, a large part of Ferguson's objection stems from the other motions that the Court resolved above. Because the Court has decided to retain the portion of the *BMD* case dealing with the claims against FDC and to permit those claims to go forward without staying them, Ferguson's concerns are largely mooted. Any remaining concerns are outweighed by the interests of promoting judicial economy and conserving resources. Accordingly, pursuant to Federal Rule of Civil Procedure 42 and Local Rule 42.2, the Court **GRANTS** the request to consolidate to the two cause for purposes of discovery and trial.

## IV.  CONCLUSION

For the foregoing reasons, the Motion to Transfer Venue (Docket No. 17) is **GRANTED in part and DENIED in part**; the Motion to Stay (Docket No. 26) is **DENIED**; and the Motion to Consolidate (Docket No. 43) is **GRANTED**.

The Clerk is **DIRECTED** to open a new cause using the Complaint (Docket No. 1) from *BMD Contractors, Inc. v. Fidelity & Deposit Co. of Maryland*, No. 1:09-cv-121-WTL-DML, and to **directly assign** the new cause to the undersigned judge.

The Clerk is **FURTHER DIRECTED** to consolidate the action captioned *BMD Contractors, Inc. v. Fidelity & Deposit Co. of Maryland*, No. 1:09-cv-121-WTL-DML, with the action captioned *Ferguson Enterprises, Inc. v. Fidelity & Deposit Co. of Maryland*, No. 1:09-cv-513-LJM-JMS, under the 1:09-cv-121-WTL-DML cause number. Those two actions shall proceed under the 1:09-

cv-121-WTL-DML cause number. The Clerk shall then administratively close *Ferguson Enterprises, Inc. v. Fidelity & Deposit Co. of Maryland*, No. 1:09-cv-513-LJM-JMS.

IT IS SO ORDERED: 09/23/2009

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

**Electronically distributed to:**

Terrence L. Brookie
FROST BROWN TODD LLC
tbrookie@fbtlaw.com

KC Cohen
KC COHEN LAWYER, PC
kc@esoft-legal.com

Eric David Foerg
FROST BROWN TODD LLC
efoerg@fbtlaw.com

Kristopher N. Kazmierczak
KATZ & KORIN P.C.
kkazmierczak@katzkorin.com

William Irwin Kohn
BENESCH FRIEDLANDER COPLAN & ARONOFF LLP
wkohn@beneschlaw.com

Offer Korin
KATZ & KORIN P.C.
okorin@katzkorin.com

Joseph M. Leone
DREWRY SIMMONS VORNEHM, LLP
jleone@drewrysimmons.com

David L. Simmons
DREWRY SIMMONS VORNEHM, LLP
dsimmons@drewrysimmons.com