UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BMD CONTRACTORS, INC., and FERGUSON ENTERPRISES, INC., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) ) |
| FIDELITY AND DEPOSIT COMPANY OF MARYLAND, | ) ) ) ) |
| Defendant. | ) |

Cause No. 1:09-cv-121-WTL-DML

### ENTRY ON MOTIONS TO RECONSIDER AND TO DISMISS

Before the Court are four motions: Industrial Power Systems, Inc.'s Motion to Reconsider (Docket No. 58); Fidelity and Deposit Company of Maryland's ("F&D") Motion for Joinder (Docket No. 60); F&D's Motion to Dismiss BMD Contractors, Inc.'s Complaint (Docket No. 66); and F&D's Motion to Dismiss Ferguson Enterprises, Inc.'s Complaint (Docket No. 68). All four motions are fully briefed, and the Court being duly advised **GRANTS** the Motion for Joinder, **DENIES** the Motion to Reconsider, and **DENIES** the Motions to Dismiss for the reasons, and to the extent, set forth below.

### I.  BACKGROUND

In September 2007, Walbridge Aldinger Company ("Walbridge"), the general contractor on a construction project at the Getrag Transmission Plant Building (the "Project"), entered into a subcontract agreement with Industrial Power Systems, Inc. ("IPS").  IPS then hired BMD Contractors, Inc. ("BMD") as a subcontractor to perform mechanical contracting and supply services on the Project.  BMD in turn contracted with Ferguson Enterprises, Inc. ("Ferguson") as a vendor for the Project.  In November 2007, IPS and F&D executed a subcontract performance

bond in which IPS and F&D assumed joint and several liability for paying IPS' subcontractors, including BMD and Ferguson.

Ferguson and BMD performed the required work under the subcontract without incident; however, when they demanded payment from IPS, they were rebuffed. Accordingly, Ferguson and BMD sought payment under the bond from F&D. When they remained unpaid, they filed independent suits[1] against F&D seeking payment. BMD's Complaint also named Walbridge and IPS as Defendants; however, the Court transferred that portion of the case to the United States Bankruptcy Court for the Eastern District of Michigan in September 2009. Also in September 2009, this Court denied IPS' and F&D's joint motion to stay.

## II.  DISCUSSION

### A.     Motion for Reconsideration.

The Court turns first to the joint IPS-F&D Motion for Reconsideration. The parties' argument in favor of staying the litigation against F&D is that IPS will be "irreparably harmed in the event BMD . . . and (now) Ferguson . . . are permitted to prosecute their payment bond actions against [F&D]." IPS Br. at 2. IPS, the author of the brief, argues that if BMD and Ferguson are permitted to proceed against F&D, then F&D will proceed against IPS, who, by virtue of an order from the bankruptcy court is prohibited from pursuing a payment action against an upstream party. In other words, until the bankruptcy court's stay is lifted, IPS would bear any liability alone. Only after the stay is lifted could IPS go after Walbridge or Getrag.

In its September 23, 2009, Order (the "Order"), this Court denied IPS' motion to stay the

---

[1] Ferguson's suit was consolidated with BMD's pursuant to this Court's September 23, 2009, Order.

proceeding against F&D.  The Court found it significant that the bankruptcy court excluded any claims against sureties from its order staying payment litigation.  In addition, the Court noted that bankruptcy court's stay was set to expire on December 31, 2009, and "any potential harm that IPS might suffer in those few months by virtue of its contingent liability on the surety bond does not outweigh the interests in permitting the claims against [F&D] to go forward."  Sept. 23, 2009, Order at 4.

IPS and F&D, now claim that new facts have arisen that support staying the bond litigation.  Specifically, they note that on June 16, 2009, the bankruptcy court entered an order authorizing disposal of the debtor's assets, establishing a liquidating trust, and extending the stay period for all payment actions to December 31, 2010.  *See* IPS Br. Ex. 1.  Although IPS and F&D would like to claim these "new" facts were unavailable to the parties when this Court entered its Order in September 2009, this is patently false.  The Court entered its Order in *September 2009*.  The bankruptcy court extended the stay period in *June 2009*.  IPS and F&D could certainly have brought these facts to the Court's attention *before* the Court entered its Order.

Nevertheless, giving IPS and F&D the benefit of the doubt in order to do justice to their Motion for Reconsideration, the Court considered these "new" facts and finds them unpersusaive.  The fact that the stay period has been extended to the end of 2010 does not unduly prejudice IPS.  In addition, the creation of the liquidating trust does not guarantee that BMD and Ferguson will be paid in full from the trust.  Even if there were some guarantee that BMD and Ferguson would be fully compensated, they need not wait to proceed against the trust.  As the beneficiaries of the surety bond they may immediately seek payment under the bond.  The Court

also finds it significant that the bankruptcy court's June 2009, order again excluded claims against sureties from its stay. If the bankruptcy court wished to stay the bond action it could have done so in its order. Finally, and perhaps most importantly, it seems that IPS really wants to stay any potential payment action brought by F&D against IPS. The Court understands that IPS does not want to be left "holding the bag" if BMD and Ferguson recover from F&D. However, staying the bond action is a roundabout way to achieve this goal. If IPS wants to avoid paying F&D after F&D pays BMD and Ferguson, then IPS should seek an order delaying its payment until the bankruptcy court's stay expires. Accordingly, the Court denies the joint Motion for Reconsideration.

### B. Motions to Dismiss.

What remains are F&D's Motions to Dismiss BMD's and Ferguson's Complaints under Rule 12(b)(6). In reviewing a motion to dismiss under Rule 12(b)(6), the Court must take the facts alleged in the complaint as true and draw all reasonable inferences in favor of the Plaintiff. The complaint must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and there is no need for detailed factual allegations. However, the statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Pisciotta v. Old Nat. Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

F&D's Motion to Dismiss BMD's Complaint is quickly resolved. F&D alleges that the "Subcontract Performance Bond" does not obligate F&D to pay BMD. However, the second page of the five page bond, which contains the same bond number as the first page, and is

entitled "Subcontract Labor and Material Payment Bond" obligates F&D to pay claimants who have " direct contract with the Principal [IPS] for labor, material, or both, used or reasonably required for use in the performance of the contact."  BMD Compl. Ex. B at 3.  In its Complaint, BMD alleges that it is a claimant because it provided IPS with labor and materials used in IPS' contract.  Although resolution of whether BMD is a "claimant" as defined by the bond is left for a later date, the Court finds that BMD has stated facts that raise the right to relief above a speculative level.  Accordingly, F&D's Motion to Dismiss BMD's Complaint is denied.

   Finally, the Court turns to F&D's Motion to Dismiss Ferguson's Complaint.  F&D's argument in favor of dismissal is two-fold.  First, it asserts that Ferguson does not allege that it is a claimant as defined by the bond.  If Ferguson is not a claimant then it is not entitled to payment under the bond.  Second, F&D claims that the subcontract agreement between IPS and BMD precludes BMD from assigning the right to payment to anyone, including Ferguson.  Because a surety can assert any defense that is not personal to the principal against the beneficiary, F&D may assert this defense against Ferguson.

   Although cogently and vigorously argued, both of F&D's arguments fail to convince the Court that dismissal is appropriate at this juncture.  As the parties know, the Rule 12(b)(6) standard is very "plaintiff friendly."  Thus, many cases survive a motion to dismiss only to be disposed of on summary judgment.  That said, F&D's first argument, that Ferguson is not a claimant as defined by the bond, presents an issue of fact, which cannot be resolved at this stage of the litigation.  Similarly, F&D's second argument, that the subcontract between IPS and BMD precludes BMD's assignment and thus bars Ferguson's suit also cannot be resolved at this time.  Although F&D filed a copy of the IPS-BMD contract as an attachment to its Reply, Fed. R. Civ.

P. 12(d) clearly states: "If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." The Seventh Circuit recognizes a narrow exception to this rule, *see Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998), whose purpose is to "prevent parties from surviving a motion to dismiss by artful pleading or by failing to attach relevant documents." *188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 735 (7th Cir. 2002) (citation omitted). Thus, "Documents referred to in, but not attached to, a plaintiff's complaint *that are central to its claim* may be considered in ruling on a Rule 12(b)(6) motion if they are attached to the defendant's motion to dismiss." *Duferco Steel v. M/V Kalisti,* 121 F.3d 321, 324 n.3 (7th Cir. 1997) (emphasis added); *see also Venture Ass'ns Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993).

Given that this is a narrow exception, the Court finds that it is not met in the instant case. Accordingly, the items attached to F&D Motion to Dismiss, including the IPS-BMD contract, which is necessary to determine whether assignments were allowed, must be disregarded by the Court. If F&D would like the Court to consider these documents it is encouraged to file a motion for summary judgment and designate these items as evidence. However, at this juncture, F&D's motion to dismiss is denied.

For the forgoing reasons, the Court **GRANTS** the Motion for Joinder (Docket No. 60) and **DENIES** the Motion to Reconsider (Docket No. 58). The Court also **DENIES** the Motions to Dismiss (Dockets No. 66 and 68).

SO ORDERED:   01/20/2010

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to:

KC Cohen
KC Cohen Lawyer, PC
kc@esoft-legal.com

Thomas O. Crist
Benesch Friedlander Coplan & Aronoff
tcrist@beneschlaw.com

Kristopher N. Kazmierczak
Katz & Korin P.C.
kkazmierczak@katzkorin.com

William Irwin Kohn
Benesch Friedlander Coplan & Aronoff LLP
wkohn@beneschlaw.com

Offer Korin
Katz & Korin P.C.
okorin@katzkorin.com